UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-11779-AH-(MARx) | Date | February 17, 2026 |
|---|---|---|---|
| Title | *Hifa Boloori v. Mercedes-Benz USA, LLC et al.* | | |

Present: The Honorable    Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

Proceedings:    (IN CHAMBERS) ORDER GRANTING MOTION TO REMAND AND DENYING AS MOOT MOTION TO DISMISS (DKT. NOS. 15-16) [JS-6]

Before the Court is Plaintiff Hifa Boloori's ("Plaintiff") Motion to Remand ("Motion"). Mot., Dkt. No. 16. Neither Defendant Mercedes-Benz USA, LLC ("MBUSA") nor Defendant GL LOX, LLC ("GL LOX") filed an opposition to the Motion. Also before the Court is MBUSA's Motion to Dismiss. Dkt. No. 15. Plaintiff filed an opposition, Dkt. No. 19, and MBUSA filed a reply, Dkt. No. 20. The Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. For the following reasons, the Court **GRANTS** Plaintiff's Motion to Remand and **DENIES AS MOOT** MBUSA's Motion to Dismiss.

I.    BACKGROUND

This action was originally brought in the Superior Court of the State of California for the County of Ventura. *See* Notice of Removal ("NOR"), Dkt. No. 4, Ex. A. The operative pleading is Plaintiff's First Amended Complaint ("FAC"), which was filed on November 12, 2025. *See* NOR, Ex. B. The FAC brings claims for violations of the Song-Beverly Consumer Warranty Act, breach of the implied

warranty of merchantability, violation of the Magnuson-Moss Warranty Act (the "MMWA"), and violation of the California Uniform Commercial Code. *See generally id.* On November 12, 2025, Plaintiff electronically served a copy of the FAC on both MBUSA and GL LOX. Theophil Decl., Dkt. No. 16-1, ¶ 6; Ex. 1, Dkt. No. 16-1, at 16.[1] On December 12, 2025, GL LOX filed an answer to the FAC in state court. Ex 3, Dkt. No. 16-1, at 33.[2] On December 12, 2025, MBUSA removed the action based on federal question jurisdiction. *See generally* NOR. MBUSA did not address whether GL LOX consented to removal, nor provide any reason why GL LOX's joinder was not necessary. On December 19, 2025, GL LOX filed an answer in federal court. Dkt. No. 6. On January 9, 2026, Plaintiff filed the Motion. Dkt. No. 16.

## II.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, excluding interest and costs. *Id.* §§ 1331, 1332(a).

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Under this "rule of unanimity," "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal." *Hurtado v. City of Ontario*, 2012 WL 2944822, at *1 (C.D. Cal. July 17, 2012); 28 U.S.C. § 1446(b)(2)(B). "Failure to obtain consent of all served defendants prior to the expiration of the 30-day removal period renders the case subject to remand." *Tutor-Saliba Corp. v. Everest Nat'l Ins. Co.*, 2015 WL 13427744, at *1 (C.D. Cal. Apr. 13, 2015) (citing *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999)).

Jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "In

---

[1] The Court cites to the ECF page number for this document.
[2] The Court cites to the ECF page number for this document.

general, removal statutes are strictly construed against removal . . . and any doubt is resolved against removability." *See Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008).

## III.   DISCUSSION

Plaintiff argues that this case should be remanded because GL LOX did not join in or consent to MBUSA's NOR within 30 days, and because MBUSA has failed to meet its burden of establishing that the amount in controversy exceeds $50,000 as required by the MMWA.

The Court addresses whether GL LOX's December 19, 2025 answer filed in this court can cure the procedural defect in MBUSA's NOR, which did not indicate whether GL LOX consented to removal as required by Section 1446(b)(2)(A). Assuming without deciding that GL LOX's answer can be construed as consent to removal, the Court nonetheless finds that remand is warranted here.

As one district court has observed:

Courts are split as to when a non-removing defendant's consent must be filed for it to be timely. Citing the Ninth Circuit's decision in *Destfino v. Reiswig*, 630 F.3d 952 (9th Cir. 2011), some courts have found the removing defendant can cure violation of the rule of unanimity by obtaining joinder or consent of all defendants after the removal period. In *Destfino*, the Ninth Circuit noted "the district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment." 630 F.3d at 956-57. Others, however, have recognized *Destfino* was decided before the 2011 amendments to the removal statute and have found defendants cannot cure the procedural defect in question by obtaining consent after the 30-day removal period. The Ninth Circuit has not weighed in after the 2011 amendments to § 1446.

*Hauss v. Home Depot U.S.A., Inc.*, 2023 WL 5382164, at *2 (E.D. Cal. Aug. 22, 2023) (citation modified). "Since the unanimity rule has been codified, most courts strictly construe the statute to require that any cure in a procedural defect must happen before the 30-day removal period expires." *Jarjour v. Nationstar Mortg. LLC*, 2025 WL 1106200, at *5 (W.D. Wash. Apr. 14, 2025). The Court agrees with the reasoning of those courts in this circuit which hold that a

procedurally defective NOR cannot be cured outside the statutory 30-day window. *See also, e.g.*, *Lopez v. Michael Weinig, Inc.*, 2020 WL 4192260, at \*4 (C.D. Cal. July 17, 2020); *Gray v. Alvarez*, 2025 WL 1936938, at \*2 (E.D. Cal. July 15, 2025); *Ray v. Dzogchen Shri Singha Found. USA, Inc.*, 2023 WL 3451987, at \*5 (D. Or. May 15, 2023); *Palmeira v. CIT Bank, N.A.*, 2017 WL 4797515, at \*6 (D. Haw. Oct. 24, 2017).  Moreover, even if the Court has discretion to allow belated consent, Defendants have not established a basis to do so here, where no opposition has been filed to the motion to remand, GL LOX filed an answer in state court, and no justification has been provided regarding MBUSA's failure to obtain consent in the NOR.

Accordingly, the Court GRANTS Plaintiff's Motion to Remand.[3]  Given this, the Court DENIES AS MOOT MBUSA's Motion to Dismiss.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED** and MBUSA's Motion to Dismiss is **DENIED AS MOOT**.  The case is remanded to the Superior Court of the State of California for the County of Ventura, case number 2025CUBC050099.  All dates are vacated, and the Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

---

[3] Because the Court grants Plaintiff's Motion on this ground, it declines to address Plaintiff's argument regarding the amount in controversy.